Smith, J.
In 1868 Curtis made a loan to Peter Selby, and to secure it, Selby, a married man, executed a mortgage on a tract of land, then and now occupied by him and his wife as a family homestead. Mrs. Selby was not a party to this mortgage. About ten years ago a petition was filed to foreclose the mortgage, *41 and a decree taken, which lay without execution until 1880. Mrs. Selby became a party to the suit when an order of sale was issued, to assert her homestead right. The question presented for decision is, whether she is entitled to a homestead in the land of the value of $1,000, the amount named in section 5435, or to one of the value of $500, as was provided by the law in force at the time the debt was contracted.
The law which took effect July 4, 1850, exempted from sale on execution on any judgment or decree, rendered on any cause of action accruing after the taking effect of this act, the family homestead, not exceeding $500 in value.
On April 9, 1869 (after this debt was contracted), the law was amended, raising the exemption to $1,000, but expressly providing as before, that it should only apply to judgments or decrees rendered on any cause of action accruing after the taking effect of the act.
Section 5435 of the revised statutes, of 1880, provides for the exemption from sale on judgment or order of sale, of a family homestead not exceeding $1,000 in value, and contains no express provision limiting its application to judgments or decrees on causes of action, accruing after the passage of the act, or after that of April 9th, 1869. It was argued by the counsel of Mrs Selby, that under this section she was entitled to a homestead of the value of $1,000, though the debt was contracted in 1868, on the ground that the amount of the exemption was to be determined by the provisions of the law in force when it was demanded, and that if the statute does give her in this case the $1,000, it cannot beheld unconstitutional on the ground that it impairs the validity of contracts.
Reid: That the manifest intent of the legislature, at least until the revision of the statutes, was, that the value of a homestead exemption was to be determined by the law in force at the time the debt was contracted. And this wholesome and eminently just rule ought not to be departed from by the courts, unless it is clear that the legislature has so provided. That such could not have been the intention in the enactment of section 5435, and that the reason, why this provision, inserted in the formér statutes (as to its applying only to debts contracted after a certain time), was not inserted in *42 it, is, that in view of the terms of section 79, revised statutes, it was wholly unnecessary to do so.
Doty & Todhunter, for plaintiff.
Thos. Millihin, for Mrs. Selby.
That in accordance with the decision of the court in Bode, Adm’x., v, Welch, 29 O. S., 21, section 5435 “must be read as though section 79 was appended to it as a saving clause.” That, thus read, it is clear that section 5435, as carried into the revised statutes, and amending the former homestead laws, can in no manner affect pending actions, or prosecutions, or proceedings, and this action was actually pending at the time of such revision: And if it is a statute affecting the remedy only, as is claimed, it does not provide that it shall affect pending actions. Mrs. Selby is therefore entitled to a homestead in this land as against the claim of the plaintiff, of the value of $500, the amount fixed by the law in force at the time the debt was contracted, and no more.